■ VICTOR CANDIA, Respondent, v HECTOR ESTEPAN, M.D., Appellant, et al., Defendants. [734 NYS2d 37] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered March 15, 2001, which, insofar as appealed from, denied defendant Estepan's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

In this medical malpractice action, it is alleged that defendant Dr. Hector Estepan departed from good and accepted medical practice when he failed to timely diagnose that the decedent Lidia Candia suffered from mesothelioma. This departure, it is alleged, deprived decedent of the chance for a

cure or a chance for prolonging her life. Seeking summary judgment, defendant conceded that a question of fact exists concerning his failure to diagnose decedent's condition. However, defendant contended that any failure to diagnose decedent's condition was inconsequential since the disease from which she suffered was not curable.

In support of this position, defendant submitted the affirmation of Dr. Paul Feffer, a Board Certified physician in Internal Medicine, Hematology, and Medical Oncology. According to Dr. Feffer, the median survival rate for people suffering from mesothelioma is approximately 9 to 13 months from the time of diagnosis. Overall, three- and five-year survival rates were 10% and 3%, respectively. The cure rate, however, is virtually zero. In fact, the disease is so aggressive that in numerous studies there did not appear to be any significant difference in survival rates between patients treated with surgery, chemotherapy, or radiation, as compared to patients who were untreated. Dr. Feffer also noted that because of the poor prognosis for mesothelioma, the major role of establishing the diagnosis is to exclude the possibility of a different, more treatable illness.

Dr. Feffer's view was substantiated by the medical literature submitted in support of the motion. That literature indicated, not only that radical therapies failed to influence survival, but that the therapies themselves had resulted in the death of patients.

Opposing the motion, plaintiff's expert did not controvert, via scientific evidence, Dr. Feffer's assertion that mesothelioma is for all practical purposes incurable, did not controvert Dr. Feffer's assertion that treatment is ineffective, and did not point to any medical literature supporting a contrary view. Instead, the expert merely stated in conclusory terms that defendant's failure to promptly diagnose the decedent's condition was a "competent-producing cause" of the decedent's advanced mesothelioma, and deprived her of a chance for a cure or prolonged life. Supreme Court, finding that questions of fact were presented concerning causation, denied defendant's motion. We reverse.

Having established that mesothelioma is a fatal disease with no known cure, and that treatment is ineffective (see, Mortensen v Memorial Hosp., 105 AD2d 151), defendant demonstrated his entitlement to summary judgment. The burden, therefore, shifted to plaintiff to demonstrate that, absent defendant's malpractice, there was a substantial possibility that the decedent could have been cured or that her life could have

been prolonged (*see, id.* at 158-159; *see also Brown v State*, 192 AD2d 936, *lv denied* 82 NY2d 654). This plaintiff failed to do.

Here, plaintiff's expert merely proffered unsupported and conclusory allegations of causation, and failed to controvert, via medically supported assertions, defendant's claim that mesothelioma cannot be effectively treated by any known course of treatment. Accordingly, plaintiff failed to raise a question of fact warranting the denial of summary judgment (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 325; *Giberson v Panter*, 286 AD2d 217, 218; *Margolese v Uribe*, 238 AD2d 164, 166).

In view of the foregoing, defendant's motion for summary judgment should have been granted and the complaint dismissed. Concur—Andrias, J. P., Wallach, Lerner, Saxe and Friedman, JJ.