■ Karen Carrera, Appellant, v Mount Sinai Hospital, Respondent. [741 NYS2d 534] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about February 27, 2001, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although the complaint in this medical practice action attributes the onset of cerebral palsy in the infant plaintiff to defendant's failure to diagnose and medically address the pre and postnatal risks to the infant plaintiff posed by a toxoplasmosis infection in the infant's mother, defendant made out a prima facie entitlement to judgment dismissing the complaint through the submissions of its experts. They concluded that the mother, who had consistently had negative IgM toxo titers during her pregnancy, was not infected with toxoplasmosis while pregnant with plaintiff, and that IgG toxoplasmosis antibody titers from the infant plaintiff, which dropped to negative levels within a year of the infant's birth, were attributable to a toxoplasmosis infection in the mother predating the pregnancy and no longer requiring specific treatment. In concluding that the mother's negative IgM toxo titers precluded positing congenitally contracted toxoplasmosis as the cause of the infant plaintiff's cerebral palsy, defendant's experts properly relied on relevant medical literature as well as plaintiff's medical records (see, e.g., Candia v Estepan, 289 AD2d 38).

In opposition to the hospital's showing, plaintiff failed to explain, with scientific data or other medical facts, how she could have become congenitally infected with toxoplasmosis, as opposed to merely manifesting toxoplasmosis IgG antibodies, given her mother's consistently negative IgM toxo titers during pregnancy. Nor has plaintiff disputed, with objective scientific evidence, the hospital's expert's contention that the mother's positive IgG toxoplasmosis titer was not indicative of a need for treatment given her contemporaneous negative IgM toxo titers. Plaintiff has therefore failed to submit evidentiary facts or materials to rebut the hospital's prima facie showing that it was not negligent in treating plaintiff and thus has not demon-

strated the existence of a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.