■ MONICA McCARTHY, Individually and as Administratrix of the Estate of RICHARD McCARTHY, Deceased, Appellant, v ST. JOSEPH'S MEDICAL CENTER, et al., Defendants, and JOSEPH MICHAEL GERGYES, M.D., Respondent. (And a Third-Party Action.) [791 NYS2d 544]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 18, 2003, which, in an action for personal injuries and wrongful death based on medical malpractice, insofar as appealed from as limited by the briefs, granted defendant-respondent's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Assuming in plaintiff's favor that an issue of fact exists as to whether defendant admitted the decedent to the hospital (cf. *Gier v CGF Health Sys.*, 307 AD2d 729 [2003]), we would affirm on the ground that no issue of fact exists as to whether the decedent's injuries or death were caused by defendant's alleged 12-hour delay in evaluating him. Plaintiff's expert's opinion in this regard is not supported "with scientific data or other medical facts" (*Carrera v Mount Sinai Hosp.*, 294 AD2d 154 [2002]), and otherwise fails to adequately address defendant's prima facie showing that the decedent's postoperative impairments and ultimate death were caused by chronic liver disease (see *Stewart v Presbyterian Hosp.*, 12 AD3d 201 [2004]; *Candia v Estepan*, 289 AD2d 38, 40 [2001]). Nor does defendant's admission that disc compression may require "emergent evaluation by a surgeon since an operation may need to be emergently performed to prevent neurologic loss" tend to show that the decedent's condition, cauda equina syndrome, will result in the irreversible impairments that the decedent experienced, and ultimately death, if not surgically treated within 12 hours. Concur—Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.