■ Jorge E. Feliz, Jr., an Infant, by Nerina Rios, His Parent and Natural Guardian, et al., Appellants, v Beth Israel Medical Center, Respondent. [833 NYS2d 23]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered February 8, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The supporting affirmations of defendant's medical experts made a prima facie showing sufficient to warrant judgment dismissing this medical malpractice complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The burden then shifted to the plaintiffs to lay bare their proof and demonstrate the existence of a triable issue of fact (*see Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]). Plaintiffs did not sustain this burden; their experts' affirmations failed to raise a triable issue of fact regarding the applicable standard of care, departures therefrom, and whether such departures proximately caused the infant plaintiff's injuries (*see Furey v Kraft*, 27 AD3d 416 [2006], *lv denied* 7 NY3d 703 [2006]).

Plaintiff's expert No. 1's opinion that the combination of fetal monitoring strips allegedly showing a loss of variability for about 20 minutes preceding birth and the presence of meconium upon delivery indicated the infant was in fetal distress, requiring delivery via cesarian section, is not supported with scientific data or other medical facts (*Carrera v Mount Sinai Hosp.*, 294 AD2d 154 [2002]), and otherwise fails to address adequately defendant's prima facie showing, through its expert's affidavits and medical records, that there was only light meconium staining and no hypoxia, that the infant's Apgar scores were excellent, his blood gasses normal, that he did not have to be resuscitated or intubated, and that he was sent to the neonatal intensive care unit alert, active and in no distress, solely to check for infection due to the mother's fever (*see McCarthy v St. Joseph's Med. Ctr.*, 16 AD3d 243 [2005]). Nor did expert No. 1 provide any specific analysis of the fetal monitoring strips, or refute defendant's contention that even were there a loss of variability in the 20 minutes before delivery, a cesarean section would not have resulted in a faster delivery because a cesarean commenced within 30 minutes after the decision to perform it meets the standard of care.

While plaintiff's expert No. 2 opined that the infant's neurologic conditions were the result of "complications arising during [his] birth and are consistent with an intrauterine injury," he did so in conclusory fashion without specific analysis, which is insufficient to raise any issue of fact (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *DeFilippo v New York Downtown Hosp.*, 10 AD3d 521 [2004]; *DiMitri v Monsouri*, 302 AD2d 420 [2003]).

Further documentation produced by plaintiffs did not warrant denial of the motion because it insufficiently rebutted the opinions of defendant's experts. Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.