■ Dawn Peters, as Administratrix of the Estate of Riccardo Gandolfo, Deceased, Respondent, v Eli Goldner, M.D., et al., Appellants, and Infu-Tech, Inc., Respondent. [854 NYS2d 721]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered January 19, 2007, which, to the extent appealed from, denied defendants-appellants' motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Defendant Dr. Goldner established prima facie that he ap-

propriately responded to the decedent's clinical presentation throughout the time he served as primary care physician, appropriately referred the decedent for evaluation by a cardiologist in July 1996, appropriately evaluated the decedent's condition on April 20, 1998 and admitted him to the hospital for further evaluation and work-up, and appropriately discharged the decedent from the hospital after extensive work-up revealed only that the decedent was experiencing mild episodes of nonsustained ventricular tachycardia, which was appropriately treated with Betapace pending further studies, such as the cardiac catheterization/coronary angio/electrophysiological (EPS) study, which could not be performed during the decedent's hospitalization because of his endocarditis.

In opposition, plaintiffs failed to raise an issue of fact (see *Feliz v Beth Israel Med. Ctr.*, 38 AD3d 396 [2007]). Notably, their expert did not disagree that the decedent was properly diagnosed with endocarditis, that the treatment for endocarditis was proper, that the decedent had several episodes of nonsustained ventricular tachycardia while hospitalized but did not suffer any episodes of sustained ventricular tachycardia, and that Betapace was a proper medication to treat the arrhythmia and was prescribed in a proper dosage. Nor did he criticize the decision to treat the decedent's endocarditis with intravenous antibiotics at home before performing cardiac catheterization EPS studies. The medical record shows that at the time the decedent was discharged, his nonsustained ventricular tachycardia was not life-threatening and was amenable to treatment on an outpatient basis; the decedent was hemodynamically stable and had consistently stable vital signs. Thus, while plaintiffs allege that the decedent's discharge from the hospital was premature, their expert did not challenge any of the factors on which the decision to discharge him was based. Plaintiffs' expert also failed to address the decedent's long history of an enlarged heart and mitral valve prolapse, his unilateral decision to stop taking Inderal after it had been prescribed, and his failure to follow up with Dr. Goldner as directed.

For similar reasons, plaintiffs failed to raise an issue of fact as to the liability of the cardiologists, defendants Dr. Narayan and Dr. Wijetilaka, on whose expertise Dr. Goldner appropriately relied in discharging the decedent from the hospital on May 1, 1998. The cardiologists established prima facie that they rendered appropriate treatment to the decedent during his hospitalization and that, at the time of discharge, he had no evidence of congestive heart failure or hemodynamic instability, that he had consistently stable vital signs, that his mitral valve

condition was not associated with symptoms of heart failure, that his nonsustained ventricular tachycardia was mild and asymptomatic, and that this condition did not require total suppression prior to discharge.

The only departure alleged against the cardiologists is that they concurred in the decision to discharge the decedent from the hospital in an allegedly unstable condition. However, as indicated, plaintiffs' expert did not challenge any of the factors on which the decision to discharge was based. Indeed, plaintiffs relied on the same affidavit in opposing the primary care physician's and the cardiologists' motions for summary judgment. Moreover, they made no attempt to distinguish among the individual doctors or to differentiate the alleged departures by each moving defendant (*see Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609 [1999]).

In light of this disposition, the action must also be dismissed against defendant institutions, whose liability is alleged to be vicarious. Concur—Tom, J.P., Saxe, Nardelli and Williams, JJ.