Order, Supreme Court, Bronx County (Alexander W Hunter, Jr., J.), entered February 20, 2009, which, to the extent appealed from, denied the motion of defendants Joshua Waldman and Associates for Women’s Care for summary judgment dismissing the complaint, unanimously reversed, on the law, *582 without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.
Defendants made a prima facie showing that they were not negligent in treating plaintiff and that their conduct did not proximately cause her son’s injuries. In opposition to the motion, plaintiff failed to raise a triable issue of fact as to causation. Her first expert’s opinion, without elaboration, that defendants’ “deviations from accepted standards of medical care in 1998 were directly responsible for causing or contributing to the sequelae experienced by” plaintiffs son, was conclusory (see e.g. Huffman v Linkow Inst. for Advanced Implantology, Reconstructive & Aesthetic Maxillo-Facial Surgery, 35 AD3d 214, 217 [2006]).
While plaintiffs second expert’s opinion was not as conclusory, he “failed to controvert a number of points in defendant’s expert affirmation” (Abalola v Flower Hosp., 44 AD3d 522, 522 [2007]; see also e.g. Moore v New York Med. Group, P.C., 44 AD3d 393, 397 [2007], lv dismissed 10 NY3d 740 [2008]). Furthermore, his assertion that plaintiffs son had decreased cord blood pH is not supported by the record (see e.g. Vera v Montefiore Med. Ctr., 60 AD3d 408 [2009]).
In sum, as in Feliz v Beth Israel Med. Ctr. (38 AD3d 396, 397 [2007]), plaintiff failed “to address adequately defendant’s prima facie showing . . . that there was ... no hypoxia.” Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter, JJ.