■ MARTIN HAUPTMAN, Appellant, v NEW YORK AND PRESBYTERIAN HOSPITAL, Defendant, and VINCENT J. LEWIS, as Executor of VINCENT J. LEWIS, Deceased, Respondent. [937 NYS2d 228]—

Defendant, by the affirmation of his physician expert, sustained his initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*Williams v Sahay*, 12 AD3d 366, 368 [2004]; *Feliz v Beth Israel Med. Ctr.*, 38 AD3d 396, 397 [2007]). In opposition, plaintiff's physician's affidavit failed to raise an issue of fact. Rather, plaintiff's expert set forth conclusory statements regarding whether the treatment rendered to plaintiff constituted such a departure (*Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]).

Plaintiff's expert also failed to rebut defendant's prima facie case on the issue of lack of informed consent. Plaintiff's expert merely stated that "based on available information, the patient was not properly advised of the risks and hazards of the surgery and of available alternative treatments." This statement is a conclusion, and as such is insufficient to rebut defendant-respondent's prima facie case (Public Health Law § 2805-d [3]; *see Orphan v Pilnik*, 66 AD3d 543, 544 [2009], *affd* 15 NY3d 907 [2010]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.