■ THOMAS BUCKNER, Appellant, v ST. LUKE'S ROOSEVELT HOSPITAL CENTER, Respondent. [962 NYS2d 51]—

Appeal from order, Supreme Court, New York County (Joan B. Lobis, J.), entered July 6, 2012, which granted defendant's motion for summary judgment dismissing the complaint, deemed an appeal from judgment, same court and Justice, entered August 14, 2012, dismissing the complaint, and, so considered, said judgment unanimously affirmed, without costs.

Defendant made a prima facie showing of entitlement to summary judgment dismissing the complaint by submitting the affidavit of a medical expert opining, with a reasoned and fact-based explanation, that the treatment defendant's physician provided to plaintiff for his fractured ankle comported with good and accepted medical practice. In opposition, plaintiff's expert simply asserted that defendant's physician, instead of putting the ankle in a splint, should have performed a surgical open reduction and internal fixation of the fracture. Plaintiff's expert, however, neither set forth an explanation of the reasoning supporting his conclusion nor identified any facts in the record indicating his preferred course of treatment. Nor did plaintiff's expert opine whether plaintiff's outcome would have been materially better had he been treated with surgery. Because the opinion of plaintiff's expert was thus offered "in [a] conclusory fashion without specific analysis" (*Feliz v Beth Israel Med. Ctr.*, 38 AD3d 396, 397 [1st Dept 2007]), the motion court correctly determined that plaintiff failed to raise a triable issue of fact in the face of the well-supported opinion of defendant's expert that the record facts showed that defendant's physician treated plaintiff appropriately under the governing standard of care. Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Román, JJ.