■ NEIL CONCEPCION, as Administrator of the Estate of RAFAEL CONCEPCION, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and MICHAEL WEITZEN, D.O., Appellant/Third-Party Defendant-Appellant. CITY OF NEW YORK et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Defendants. [33 NYS3d 28]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered October 20, 2015, which, insofar as appealed from as limited by the briefs, denied the motion of defendant/third-party defendant Michael Weitzen, D.O., for summary judgment dismissing the complaint, third-party complaint and all cross claims as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff's decedent's leg was run over by a truck while he was working as a sanitation worker. The decedent was taken to the emergency room at defendant St. Barnabas Hospital, and was treated by Dr. Weitzen, the on-call trauma surgeon. After consulting with the on-call vascular surgeon, Weitzen ordered an angiogram to determine the site of the internal bleeding. Following a five-hour surgery by the vascular surgeon to bypass the damaged artery, decedent developed abdominal compartment syndrome, and despite an emergency laparotomy to relieve the pressure on the decedent's internal organs, he went into cardiac arrest and died.

The record demonstrates that in opposition to Weitzen's prima facie showing that his treatment of the decedent was within the accepted standard of medical care, both plaintiff and the City impermissibly opposed Weitzen's motion based on

theories of liability not previously set forth in their pleadings or bills of particulars (*see Abalola v Flower Hosp.*, 44 AD3d 522 [1st Dept 2007]). The parties' reliance on generalized boilerplate allegations, and bills of particulars that were generally directed at all defendants, is misplaced (*see Suits v Wyckoff Hgts. Med. Ctr.*, 84 AD3d 487, 489 [1st Dept 2011]; *see also Miccarelli v Fleiss*, 219 AD2d 469, 470 [1st Dept 1995]).

In any event, the opinions of the City's and plaintiff's experts on causation are speculative and unsupported by the record, particularly where the, City's expert anesthesiologist averred that the decedent's syndrome was caused by the negligent and extreme over administration of intravenous liquids during the bypass surgery due to insufficient or incorrect calculations concerning the decedent's rate of fluid loss. Although both plaintiff's and the City's expert surgeons averred that a delay in beginning the surgery caused the compartment syndrome by requiring additional liquids during surgery, neither provided any scientific basis for that assertion (*see Carrera v Mount Sinai Hosp.*, 294 AD2d 154 [1st Dept 2002]). Nor did plaintiff's expert explain how administering red blood cells earlier would have ultimately led to less fluids being administered. Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ. ▮