■ G.L., an Infant, by Her Parents and Natural Guardians, et al., Appellants, v ALAN HARAWITZ, M.D., et al., Respondents. [44 NYS3d 442]—

Judgments, Supreme Court, New York County (George J. Silver, J.), entered April 28, 2016, dismissing the complaint as against defendant Evan Harawitz, M.D., defendants Alan Harawitz, M.D., and Monroe Pediatric Associates, P.C., and defendants Mirna Chehade, M.D., Keith Breglio, M.D. and Mount Sinai Medical Center, respectively, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered January 15, 2016, which granted defendants' respective motions for summary judgment, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.

Defendant pediatricians Alan Harawitz and Evan Harawitz established prima facie that they did not depart from the accepted standard of medical practice in their treatment of the infant plaintiff, who was ultimately diagnosed with a medulloblastoma, a type of brain tumor, by submitting deposition transcripts, medical records, and an expert affirmation that showed that they appropriately evaluated the infant's vomiting and referred her to a specialist when her symptoms persisted, leading to a diagnosis that explained her symptoms.

In opposition, plaintiffs failed to raise a triable issue of fact. Their expert pediatrician's assertions that the infant's condition could have been discovered and treated more successfully earlier had the doctors not deviated from the accepted standard of medical practice were conclusory and speculative (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [1st Dept 2006]). The pediatric expert recounted the infant's symptomatology inaccurately, which undermined the basis of the opinion, failed to address the defense expert's opinions, and relied upon facts not contained in the record. The expert's conclusory opinion that "a simple and proper clinical neurological exam would have disclosed signs caused by the tumor growing in her brain and led to the earlier diagnosis . . . with . . . less damage," was "not supported with scientific data or other medical facts" (*McCarthy v St. Joseph's Med. Ctr.*, 16 AD3d 243, 244 [1st Dept 2005] [internal quotation marks omitted]).

Defendants pediatric gastroenterologists Chehade and

Breglio established prima facie that they did not depart from the accepted standard of medical practice, by submitting deposition transcripts, medical records, and an expert affirmation showing that they appropriately evaluated the infant's vomiting, determined that it had a gastroenterological cause, and treated her symptoms accordingly.

The affidavit of plaintiffs' expert—a pediatrician, hematologist, and oncologist—was conclusory, speculative, and based upon facts outside the record, and relied on hindsight.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.