Lomax v New York City Health & Hosps. Corp. (2019 NY Slip Op 07345)





Lomax v New York City Health & Hosps. Corp.


2019 NY Slip Op 07345


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


14495/01 10054A 10054

[*1] Lawrence Lomax, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, Defendant-Respondent, Bronx Lebanon Hospital, Defendant.


Laffan & Laffan LLP, Mineola (Maura V. Laffan of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 17, 2015, which granted the motion of defendant New York City Health & Hospitals Corp. (HHC) for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from judgment, same court and Justice, entered August 24, 2015, dismissing the complaint as against defendant Bronx Lebanon Hospital, unanimously dismissed, without costs, as abandoned.
HHC made a prima facie showing that it did not depart from good and accepted medical practice and that any departure was not a proximate cause of plaintiff's injuries by submitting an affirmation from a pediatric neurologist, who opined that imaging of plaintiff's brain was not indicated when he presented to Lincoln Hospital and North Central Bronx Hospital because he had suffered only one seizure with fever and that plaintiff's injuries were not caused by his arterial venous malformation (AVM) (see Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]).
Plaintiff's doctor's affidavit was insufficient because it did not indicate that the doctor possessed the requisite knowledge necessary to make a determination of the issues presented (Limmer v Rosenfeld, 92 AD3d 609, 609 [1st Dept 2012]).
In any event, plaintiff failed to meet his burden in opposition with the affirmation of a physician because, among other things, the physician did not contradict the opinion of HHC's pediatric neurologist that imaging was not indicated and the physician did not opine that plaintiff's damages were caused by HHC's delayed diagnosis of his seizure condition and discovery of his AVM (see e.g. Feliz v Beth Israel Med. Ctr., 38 AD3d 396 [1st Dept 2007]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK