Hashem v Osorio (2021 NY Slip Op 06801)





Hashem v Osorio


2021 NY Slip Op 06801


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Gische, J.P., Webber, Friedman, Kennedy, JJ. 


Index No. 805073/17 Appeal No. 14798 Case No. 2020-04490 

[*1]Giuseppina Hashem, Plaintiff-Appellant,
v
James Albert Osorio, M.D., et al., Defendants-Respondents.


Zucker & Regev, P.C., Brooklyn (Guy Regev of counsel), for appellant.
Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for respondents.



Judgment, Supreme Court, New York County (Martin Shulman, J.), entered August 5, 2020, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about June 16, 2020, which granted defendants' motion for summary judgment, unanimously affirmed, without costs.
Defendants' expert addressed all aspects of plaintiff's claim, opining that defendants did not deviate from good and accepted medical care in timely diagnosing plaintiff with HIT, that they correctly used her post-surgical platelet levels as a baseline, considered HIT in the differential diagnosis, and performed diagnostic tests for HIT when plaintiff's clinical presentation warranted it (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Roques v Noble, 73 AD3d 204 [1st Dept 2010]). Plaintiff presented with a number of comorbidities, including Raynauds Syndrome and significant cardiovascular disease, thus requiring multiple consultations from multiple disciplines to determine the cause of her low platelet count and her cyanotic left fingers.
In response, plaintiff's expert failed to raise a question of fact, the opinion being vague and conclusory (see De Jesus v Mishra, 93 AD3d 135, 139 [1st Dept 2012]; Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]). While the expert disagreed with the use of a post-surgical platelet count as a baseline, the expert failed to explain why, a particular flaw where defendants' expert explained that surgery generally lowers platelet levels, making that period of time the appropriate choice to begin following the platelet count. The expert also stated that HIT should have been diagnosed earlier, but did not say when, or address the comorbidities complicating the diagnosis. Also fatal to plaintiff's case is that her expert failed to sufficiently aver how an earlier diagnosis would have prevented plaintiff's loss of fingers when heparin had already been discontinued days earlier (see Concepcion v City of New York, 139 AD3d 606 [1st Dept 2016]; David v Hutchinson, 114 AD3d 412 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021