Revere v Burke (2021 NY Slip Op 07367)





Revere v Burke


2021 NY Slip Op 07367


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, AND DEJOSEPH, JJ.


848 CA 20-01425

[*1]GRETCHEN REVERE AND KEVIN REVERE, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v
ROBERT P. BURKE, D.O., ROBERT P. BURKE, M.D., P.C., STELLA M. CASTRO, M.D., LINDSEY PETRIE, FNP-BC, ASTHMA & ALLERGY ASSOCIATES, P.C., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (THOMAS J. DEBERNARDIS OF COUNSEL), FOR DEFENDANTS-APPELLANTS ROBERT P. BURKE, D.O. AND ROBERT P. BURKE, M.D., P.C. 
MARTIN, GANOTIS, BROWN, MOULD & CURRY, P.C., DEWITT (GABRIELLE L. BULL OF COUNSEL), FOR DEFENDANTS-APPELLANTS STELLA M. CASTRO, M.D., LINDSEY PETRIE, FNP-BC, AND ASTHMA & ALLERGY ASSOCIATES, P.C.
ROBERT F. JULIAN, P.C., UTICA (ROBERT F. JULIAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeals from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered October 13, 2020. The order denied the motions of defendants Robert P. Burke, D.O., Robert P. Burke, M.D., P.C., Stella M. Castro, M.D., Lindsey Petrie, FNP-BC and Asthma & Allergy Associates, P.C., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion of defendants Stella M. Castro, M.D., Lindsey Petrie, FNP-BC, and Asthma & Allergy Associates, P.C., and dismissing the complaint against them except insofar as the complaint, as amplified by the bills of particulars, alleges that Castro failed to communicate her November 21, 2014 impressions about plaintiff Gretchen Revere to defendant Robert P. Burke, D.O., and as modified the order is affirmed without costs.
Memorandum: In 2015, a benign brain tumor was discovered in the frontal lobe of Gretchen Revere (plaintiff). Plaintiffs commenced this medical malpractice action alleging, inter alia, that defendants-appellants failed to discover the tumor at an earlier time. Defendant Robert P. Burke, D.O. was plaintiff's primary care physician and, during the course of his treatment of plaintiff, he referred her in 2014 to defendant Asthma & Allergy Associates, P.C., where she was seen by defendant Stella M. Castro, M.D.
Castro, along with Asthma & Allergy Associates, P.C., and defendant Lindsey Petrie, FNP-BC (collectively, AAA defendants), moved for summary judgment dismissing the complaint against them. In addition, Burke and defendant Robert P. Burke, M.D., P.C. (collectively, Burke defendants) moved for summary judgment dismissing the complaint and any cross claims against them. Supreme Court denied the motions, and the Burke defendants and the AAA defendants appeal.
Addressing first the motion of the Burke defendants, it is well established that, "[a]lthough physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied upon by the patient" (Burtman v Brown, 97 AD3d 156, 161-162 [1st Dept 2012] [internal quotation marks omitted]). Consistent [*2]with that principle, a physician may satisfy his or her duty of care to a patient by referring the patient to a specialist who is "better equipped to handle [the patient's] condition" (Perez v Edwards, 107 AD3d 565, 566 [1st Dept 2013], lv denied 22 NY3d 862 [2014]; see G.L. v Harawitz, 146 AD3d 476, 476 [1st Dept 2017]; see also Dombroski v Samaritan Hosp., 47 AD3d 80, 84-85 [3d Dept 2007]; Wasserman v Staten Is. Radiological Assoc., 2 AD3d 713, 714 [2d Dept 2003]), and after a referral is made, a primary care physician does not have an "independent duty to assess the course of treatment set and monitored by another physician" (Burtman, 97 AD3d at 164).
Here, we conclude that, contrary to the Burke defendants' contention, although they met their initial burden on their motion with respect to whether Burke departed from the accepted standard of care, plaintiffs raised a triable issue of fact in that regard in opposition (see generally Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]). Plaintiff presented to Burke's office on September 8, 2014, and Burke referred her to Asthma & Allergy Associates, P.C., to address her allergy symptoms. However, there is an issue of fact whether plaintiff complained about a loss of smell or taste to Burke during the September 8 visit. Burke acknowledged in his affidavit that, if she had done so, "the appropriate and reasonable course [would have been] to refer [her] to an appropriate [ear, nose, and throat] specialist best equipped to assess and treat those conditions[.]" Indeed, Burke referred plaintiff to such a specialist in 2012 when she complained, at that time, about a loss of smell and taste. Because there is an issue of fact whether Burke complied with the accepted standard of care by referring plaintiff to an appropriate specialist following the September 8 visit (cf. G.L., 146 AD3d at 476; Perez, 107 AD3d at 566), we conclude that the court properly denied the motion of the Burke defendants.
Addressing next the motion of the AAA defendants, we note that, when plaintiff first presented to Castro on November 21, 2014, Castro made preliminary observations regarding plaintiff's condition. According to her notes from the November 21 visit, which the AAA defendants submitted in support of their motion, Castro recognized plaintiff's "complex history" and stated that, "even if [plaintiff] has allergies, it may not fully explain her symptom complex. Meds will be started to see if we can address her rhinitis and sense disturbance. Sinus CT scan vs rhinoscopy may be required to complete the evaluation. I also recommend a comprehensive primary care evaluation and baseline sleep study going forward." In opposition to the motion of the AAA defendants, plaintiffs submitted an expert affirmation of an internal medicine physician. We conclude that, although the AAA defendants met their initial burden on their motion with respect to whether Castro departed from the accepted standard of care, the expert's affirmation submitted by plaintiffs in opposition raised a triable issue of fact whether Castro departed therefrom by failing to communicate her November 21 impressions about plaintiff to Burke (see generally Bubar, 177 AD3d at 1359).
In reaching our conclusion, we reject the contention of the AAA defendants that plaintiffs' expert was unqualified to render opinions about Castro, an allergist. The opinion rendered by plaintiffs' expert did not concern Castro's specialty as an allergist. Rather, the opinion pertained to a physician's more general duty to communicate. We conclude that plaintiffs' expert laid an adequate foundation for the opinion rendered (see Chillis v Brundin, 150 AD3d 1649, 1650 [4th Dept 2017]), and any lack of knowledge by the expert about Castro's specific field merely "goes to the weight and not the admissibility" of the expert's opinion (Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1471 [4th Dept 2020] [internal quotation marks omitted]).
To the extent, however, that plaintiffs' expert further opined that Castro deviated from the accepted standard of care by failing to order a CT scan of plaintiff, we conclude that the opinion is speculative and insufficient to raise a triable issue of fact inasmuch as Castro's duty to plaintiff was limited to treating plaintiff's allergy symptoms (see Burtman, 97 AD3d at 161-162; Dombroski, 47 AD3d at 84-85). Moreover, we agree with the AAA defendants that plaintiffs' expert failed to address any of plaintiffs' other claims of negligence against them as stated in plaintiffs' bills of particulars. We therefore conclude that the court erred in denying the unopposed motion of the AAA defendants with respect to those claims (see Pasek v Catholic Health Sys., Inc., 186 AD3d 1035, 1036 [4th Dept 2020]), and we modify the order accordingly.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court