Schreiber v New York City Health & Hosp. Corp. (2023 NY Slip Op 02597)

Schreiber v New York City Health & Hosp. Corp.

2023 NY Slip Op 02597

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 154111/21 Appeal No. 237 Case No. 2022-02668 

[*1]Patricia Schreiber as Administrator of the Estate of Theresa Walsh Plaintiff-Appellant,
v
New York City Health and Hospital Corporation, et al., Defendants-Respondents, John/Jane Doe(s) # 1-3, et al., Defendants.

Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Order, Supreme Court, New York County (Erika Edwards, J.), entered on or about June 1, 2022, which granted the motion of defendants New York City Health and Hospital Corporation and Gouverneur Hospital for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Theresa Walsh, plaintiff's decedent, was admitted to Gouverneur for inpatient rehabilitative services after hip replacement surgery. Upon admission, the assessment form stated that Walsh could not walk independently, needed extensive assistance transferring from the bed, and presented no wandering risk. Gouverneur staff repeated the assessment several days later, noting that Walsh had no risk of wandering, episodes of wandering, or reported history of wandering. She was continued on her prior prescription medications for insomnia and depression, and was referred to a psychologist after experiencing a bout of crying. On August 21, 2013, approximately 10 days into her stay at Gouverneur, Walsh suffered an apparent psychotic break, during which she walked down the hallway at 4:30 a.m. with her rollator and accessed the 13th floor of a freight elevator. This elevator was on the premises as part of a construction project and was off limits to patients and visitors. After getting off the elevator at the first floor, Walsh entered and crossed the construction site inside the hospital, walked out onto an unused and debris-covered patio above a loading dock, and climbed onto a ledge. Although a hospital police officer was initially successful in talking Walsh down from the ledge, she later climbed back onto the it when she was approached by a New York City Police Department Emergency Services Unit officer, fell approximately 20 feet, and sustained injuries that resulted in her death.
With respect to the medical malpractice cause of action, defendants established prima facie entitlement to summary judgment by submitting the opinion of their medical expert, Dr. Ian Newmark (see Bartolacci-Meir v Sassoon, 149 AD3d 567, 570 [1st Dept 2017]; Roques v Noble, 73 AD3d 204, 206, 207 [1st Dept 2010]). After reviewing the entire medical record and the deposition testimony, Dr. Newmark opined that the treatment defendants provided to Walsh comported with good and accepted medical practice and that departures alleged by plaintiff were not a proximate cause of injuries or death. Dr. Newmark noted that Walsh, a patient with no history of wandering, had been taking psychiatric medications depressive symptoms for years before her admission to Governeur, without apparent complication, and that the prescription of medication by providers at Gouverneur was appropriate and within the standard of care.
Furthermore, Dr. Newmark noted, when Walsh reported feelings of depression, psychotherapy was ordered; when she saw a psychologist before her death, Walsh did not express suicidal or homicidal ideation and stated that she felt somewhat better during the second visit. Dr. Newmark concluded that [*2]under these circumstances, even if Walsh had undergone a psychiatric consult, there was no reason to believe it would have stopped her from suffering psychosis, as she had exhibited no symptoms of acute psychiatric illness at any time before the incident on August 21, 2013, and there was therefore no evidence that her fall could have been prevented by requesting a psychiatric consult in the days before.
In opposition to defendants' prima facie showing, plaintiff failed to raise an issue of fact. Plaintiff submitted a physician's expert opinion stating that the failure to use a Wanderguard device constituted a departure from the applicable standard of care. However, plaintiff's expert relied on only one page of the medical record — a comprehensive care plan prepared upon Walsh's admission — and did not provide a medical opinion based on his independent review of Walsh's condition. Furthermore, the expert failed to explain why the standard of care required the placement of a Wanderguard on a patient who could not walk independently due to her recent surgery. Moreover, she was not a danger to herself and was alert, oriented, responsive, and engaged in her treatment with no history of wandering or psychosis. Nor did plaintiff's expert articulate the applicable standard of care, how it was breached, or how any breach caused Walsh's alleged injuries (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Feliz v Beth Israel Med. Ctr., 38 AD3d 396, 397 [1st Dept 2007]).
Defendants also established entitlement to dismissal of the cause of action for negligence by establishing that Walsh's fall was the result of an unforeseeable series of circumstances — accessing a freight elevator on the 13th floor that no patient had previously used; entering and crossing a construction site on the first floor that was accessible only by the freight elevator; walking out with her rollator onto an unused patio reachable only through the construction site; and climbing onto a ledge — none of which defendants could have prepared for (see Pinero v Rite Aid of N.Y., 294 AD2d 251, 252 [1st Dept 2002], affd 99 NY2d 541 [2002]; Barretto v City of New York, 229 AD2d 214, 218 [1st Dept 1997], lv denied 90 NY2d 805 [1997]). In opposition, plaintiff failed to raise a issue of material fact as to whether this series of events was foreseeable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023