Fadl v Katz (2025 NY Slip Op 00153)

Fadl v Katz

2025 NY Slip Op 00153

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 805404/19 Appeal No. 3451 Case No. 2023-06010 

[*1]Stacy Fadl, Plaintiff-Respondent,
v
L. Brian Katz et al., Defendants-Appellants, Sue Hahn et al., Defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellants.

Order, Supreme Court, New York County (Judith N. McMahon, J.), entered on or about May 8, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint as against L. Brian Katz, M.D., and Laparoscopic Surgical Center of New York, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff failed to raise an issue of fact in opposition to defendants' prima facie showing that defendant Dr. Katz comported with good and accepted practice in repairing plaintiff's hernia by securing surgical mesh 12 cm in diameter with 22 tacks (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Plaintiff's expert's opinion that only six tacks, placed two cm apart, should have been used was based on an inaccurate calculation of the circumference of the mesh, which measured 12 cm in diameter, not in circumference (see Carrera v Mount Sinai Hosp., 294 AD2d 154, 154 [1st Dept 2002]). Similarly, plaintiff's expert's opinion that even nine cm mesh would have been too large was not consistent with the expert's opinion that the mesh should allow for a two-to-three cm margin around the hernia, where the record reflects that the hernia itself was approximately two to three cm (id.). Plaintiff's expert's opinion as to the location of the tacks placed by Dr. Katz during plaintiff's surgery is vague, conclusory, and fails to specifically refute the correctness of the double crown technique he used to secure the mesh (see Akel v Gerardi, 200 AD3d 445, 446 [1st Dept 2021]). Accordingly, because plaintiff's expert opinion is speculative, internally inconsistent and unsupported by the medical records, it was insufficient to defeat summary judgment (see e.g. Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025