Harper v Buffalo City Sch. Dist. (2025 NY Slip Op 05595)

Harper v Buffalo City Sch. Dist.

2025 NY Slip Op 05595

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

716 CA 24-01691

[*1]THADDEUS HARPER, PLAINTIFF-APPELLANT,
v
BUFFALO CITY SCHOOL DISTRICT, ALSO KNOWN AS BUFFALO SCHOOL DISTRICT AND/OR BUFFALO PUBLIC SCHOOLS AND BUFFALO BOARD OF EDUCATION, DEFENDANTS-RESPONDENTS. 

WEITZ & LUXENBERG, P.C., NEW YORK CITY (JASON P. WEINSTEIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MARY B. SCARPINE, GENERAL COUNSEL, BUFFALO PUBLIC SCHOOLS, BUFFALO (DONYELLE N. ELLER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered July 23, 2024. The order, insofar as appealed from, granted those parts of the motion of defendants seeking summary judgment dismissing the second, fourth, fifth and sixth causes of action. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the second, fourth, fifth, and sixth causes of action are reinstated.
Memorandum: In this action pursuant to the Child Victims Act (see CPLR 214-g), plaintiff claims that when he was a student in the seventh or eighth grade in approximately 1975-1976, he was subjected to sexual abuse by a nonparty music teacher employed by defendants. Plaintiff appeals, as limited by his brief, from an order to the extent that it granted those parts of defendants' motion seeking summary judgment dismissing his second cause of action, alleging negligent supervision of plaintiff while acting in loco parentis, fourth cause of action, alleging negligent hiring of the music teacher, fifth cause of action, alleging negligent supervision and training of the music teacher and negligent training of defendants' other employees, and sixth cause of action, alleging negligent retention of the music teacher. We reverse the order insofar as appealed from.
We agree with plaintiff that Supreme Court erred in dismissing his second and fifth causes of action. "Schools have a duty to adequately supervise students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Kaul v Brooklyn Friends Sch., 220 AD3d 936, 938 [2d Dept 2023] [internal quotation marks omitted]; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]; BL Doe 5 v Fleming, 229 AD3d 1076, 1077 [4th Dept 2024]). That duty "requires that the school exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (BL Doe 3 v Female Academy of the Sacred Heart, 199 AD3d 1419, 1422 [4th Dept 2021] [internal quotation marks omitted]; see David v County of Suffolk, 1 NY3d 525, 526 [2003]). "A plaintiff may succeed on a claim of negligent supervision by establishing 'that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury' " (BL Doe 5, 229 AD3d at 1077-1078, quoting Mirand v City of New York, 84 NY2d 44, 49 [1994]). Where an employee acquires knowledge within the scope of their employment, that "knowledge is imputed to [the employer] and the latter is bound by such knowledge [even if] the information is never actually communicated to [the employer]" (BL Doe 5, 229 AD3d at 1080 [internal quotation marks omitted]). "[T]he adequacy of a school's supervision of its students is [*2]generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was [a] proximate cause of the plaintiff's injury" (T.F. v Clarkstown Cent. Sch. Dist., 238 AD3d 988, 990 [2d Dept 2025] [internal quotation marks omitted]).
Even assuming, arguendo, that defendants met their initial burden on their motion with respect to the second and fifth causes of action, we conclude that plaintiff raised triable issues of fact whether defendants had sufficiently specific knowledge or notice of the music teacher's conduct. In opposition to the motion, plaintiff submitted an affidavit wherein he averred that on two occasions the music teacher entered the boys' locker room while plaintiff and his classmates were changing and that on each occasion the gym teacher instructed the music teacher to leave. Although the gym teacher denied observing the music teacher in the boys' locker room during his deposition, plaintiff submitted an affidavit that the gym teacher executed in an unrelated case wherein he averred that he had "heard rumors from many students" that the music teacher had a sexual interest in the male students at the school and that he was "suspicious that [the music teacher] may have had inappropriate relationships with students." The affidavit reflects that the gym teacher was "vigilant" and "kept an eye on" the music teacher—meeting weekly with another coach to "see if the other had witnessed any inappropriate behavior" by the music teacher—but nonetheless permitted the music teacher to transport students to and from games and swim meets.
During his deposition the gym teacher indicated that it was possible that those rumors began in the 1970s, which would predate or be contemporaneous with plaintiff's alleged dates of abuse. Plaintiff similarly testified that, while he was not specifically aware of whether the music teacher had sexual relationships with other students, "[t]here were a lot of rumors." Moreover, plaintiff submitted the music teacher's testimony, wherein he testified that he had "always" had students visit him at his home and that other teachers were aware that students would visit him at his home, where the abuse of plaintiff is, in part, alleged to have occurred.
Plaintiff also submitted an expert affidavit asserting that defendants failed to appropriately train and supervise other teachers and staff to report their knowledge of inappropriate behavior. Defendants' assertions as to the experience and qualifications of plaintiff's expert go to the weight of the expert's opinion, not its admissibility (see generally Revere v Burke, 200 AD3d 1607, 1609 [4th Dept 2021]; Chillis v Brundin, 150 AD3d 1649, 1650 [4th Dept 2017]; Latour v Hayner Hoyt Corp. [appeal no. 2], 13 AD3d 1147, 1148 [4th Dept 2004]).
Viewing the evidence in the light most favorable to the nonmoving party, as we are required to do (see Jacobson v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]), we agree with plaintiff that he raised triable issues of fact that preclude summary judgment with respect to the second and fifth causes of action.
Regarding the fourth and sixth causes of action, we agree with plaintiff that the court erred in dismissing those causes of action. To establish a claim of negligent hiring or retention, "it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shapiro v Syracuse Univ., 208 AD3d 958, 960 [4th Dept 2022] [internal quotation marks omitted]; see Kaul, 220 AD3d at 938). That is because "[t]he employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention of the employee" (Shapiro, 208 AD3d at 960 [internal quotation marks omitted]).
In support of their motion, defendants submitted the music teacher's employment applications, wherein he submitted contradictory responses about whether he had been arrested; a reference from the principal of a junior high school where the music teacher had taught, who stated that the music teacher had been "dismissed or denied tenure" and "had a tendency to more or less pal with his seventh grade male students"; and a reference completed by a school counselor employed by a different district, who stated that the music teacher had been "dismissed or denied tenure" and that she would not employ him as a teacher in her school system. Moreover, defendants also submitted the deposition testimony of the chief of human resources employed by defendant Buffalo Board of Education, who testified that, both in the 1970s and today, there would be additional background checks for potential new hires who answered arrest [*3]questions inconsistently or had been asked to leave a prior teaching position.
Thus, we conclude that defendants failed to meet their initial burden of establishing that they took "reasonable care in making decisions respecting the hiring and retention of the [music teacher]" (Shapiro, 208 AD3d at 960) and the motion must be denied with respect to the fourth and sixth causes of action without regard to the sufficiency of plaintiff's opposing papers.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court