█ RONNIE M. COLLYMORE, as Administrator of the Estate of GWENDOLYN COLLYMORE, Deceased, et al., Appellants, v MONTEFIORE MEDICAL CENTER et al., Respondents, et al., Defendant. [833 NYS2d 438]—

Judgment, Supreme Court, New York County (Howard R. Silver, J.), entered March 20, 2006, dismissing the complaint as against defendant Montefiore Medical Center upon a prior grant of summary judgment, and noting discontinuance of the action as against defendant Robbins, unanimously affirmed, without costs.

Plaintiffs failed to raise a triable issue of fact as to whether the hospital deviated from accepted medical practice when it failed to designate the decedent a "fall risk" upon her admission. Their reliance on the opinion of a registered nurse as to the hospital's alleged malpractice in not having ordered the decedent's bed rails to be left in the raised position was insufficient (*see Elliot v Long Is. Home, Ltd.*, 12 AD3d 481 [2004]; *Mills v Moriarty*, 302 AD2d 436 [2003], *lv denied* 100 NY2d 502 [2003]), and, in any event, the nurse's affidavit failed to specify any evidence in the record to support her conclusion that the decedent was a "fall risk" under the hospital's applicable care and treatment policy.

Not only was there a lack of a triable factual issue as to malpractice on the hospital's part, but there was no evidence to support plaintiffs' argument that an issue of fact existed as to whether the decedent's fall contributed to the cause of her

death. The autopsy report refuted this contention, showing that decedent's death was due to hypertensive and cardiovascular disease. Moreover, plaintiffs' medical expert offered only conclusory assertions of causation (*see e.g. Candia v Estepan*, 289 AD2d 38 [2001]), which were founded on mischaracterizations of the evidence. Notably, plaintiffs' expert offered no medical explanation as to how the head trauma purportedly contributed to the decedent's death, and he made no reference to the contradictory findings in the autopsy report.

We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and Buckley, JJ.