■ Louis Limmer et al., Appellants, v Nathan S. Rosenfeld, M.D., Defendant, and The Winifred Masterson Burke Rehabilitation Hospital, Inc., et al., Respondents. [939 NYS2d 50]—

Defendants established prima facie that they did not depart from good and accepted medical practice in their treatment of plaintiff Louis Limmer (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Plaintiff failed to rebut this showing. Initially, we note that the court erred in rejecting the affirmation of plaintiff's expert on the grounds, inter alia, that the expert had not demonstrated "his expertise or familiarity in treating this kind of [infection]." "[A] physician need not be a specialist in a particular field if he nevertheless possesses the requisite knowledge necessary to make a determination on the issues presented" (*Joswick v Lenox Hill Hosp.*, 161 AD2d 352, 355 [1990]). Once the expert professes such knowledge, the issue of the expert's qualifications to render such opinion must be left to trial (*id.; see also Ocasio-Gary v Lawrence Hosp.*, 69 AD3d 403, 404-405 [2010]). To the extent that our prior holding in *Browder v New York City Health & Hosps. Corp.* (37 AD3d 375 [2007]) could be interpreted as imposing a stricter standard, we decline to follow it. However, plaintiffs nonetheless failed to raise an issue of fact with their expert's affirmation (*see* 68 NY2d at 324-325; *Abalola v Flower Hosp.*, 44 AD3d 522 [2007]; *Feliz v Beth Israel Med. Ctr.*, 38 AD3d 396 [2007]). In the affirmation, the expert failed to address the conclusion of defendants' experts that plaintiff exhibited no symptoms that should have caused

defendant Novitch to suspect osteomyelitis (*see* 37 AD3d at 376; *Collymore v Montefiore Med. Ctr.*, 39 AD3d 237, 238 [2007]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.