■ Angel Melo, Respondent, v Morm Management Co. et al., Appellants. [940 NYS2d 83]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered November 19, 2010, after a jury trial, awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered June 24, 2010, which granted defendants' motion to set aside the verdict only to the extent of reducing the awards for medical expenses, unanimously reversed, on the law and the facts, without costs, the judgment is vacated, and the motion is granted to the extent of vacating all damages awards and remanding the matter for a new trial on damages, to the extent it is determined, consistent with this decision, that they have resulted solely from defendants' negligence. Appeal from the foregoing order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff testified that he exited the elevator in the basement of defendants' building believing that the elevator door was level with the basement floor, that the basement was dark, and that he took one or two steps and fell to the floor from what turned out to be a one-step platform. While plaintiff did not establish that defendants had notice of any defective lighting condition in the basement, his safety expert's testimony that the condition of the single-step platform was dangerous even with adequate lighting provides a rational basis for the jury's findings that defendants were negligent and that plaintiff was not comparatively negligent (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The jury's resolution of any credibility issues in plaintiff's favor is entitled to deference (*see Haiyan Lu v Spinelli*, 44 AD3d 546 [2007], *lv denied* 10 NY3d 716 [2008]). The court properly allowed the safety expert to testify as to

safety engineering based upon his experience and training despite the fact that he was not a licensed engineer (*see e.g. Sumowicz v Gimbel Bros.*, 161 AD2d 314, 315 [1990]).

However, a new trial is required on the issue of whether defendants' negligence was the sole cause of the damages alleged by plaintiff. There was evidence at trial that plaintiff suffered a stroke two days after undergoing a diskectomy that was necessitated by injury plaintiff suffered as a result of the accident. Dr. Murray, plaintiff's medical expert, opined that an elevation in plaintiff's blood pressure resulting from the injury and the stress of surgery caused plaintiff to suffer the stroke. On the other hand, Dr. Feuer, defendants' medical expert testified that the surgery had nothing to do with the stroke. As a basis for his opinion, Dr. Feuer cited MRI findings of preexisting multiple cerebral ischemic changes that were indicative of mini-strokes. After both sides rested, plaintiff moved to strike Dr. Feuer's testimony, on the ground, among others, that defendants' expert exchange contained no indication that Dr. Feuer would testify about the mini-strokes described above. Prior to summations, the court granted the motion to the extent of instructing the jury to disregard all testimony about mini-strokes. This was error because Dr. Feuer's report, which was annexed to defendants' expert exchange, indeed referenced the MRI report and its findings of "old infarcts and microvascular ischemic changes." Moreover, the report contained the conclusion that the ischemic vascular changes of the brain, among other things, would predispose plaintiff to subsequent ischemic events, including a stroke. In this respect, defendants' expert exchange was adequate and did not result in prejudice or surprise to plaintiff (*see e.g. Popkave v Ramapo Radiology Assoc., P.C.*, 44 AD3d 920 [2007]). Defendants' case was prejudicially compromised insofar as the jury was not allowed to consider the basis for Dr. Feuer's opinion that plaintiff's stroke was unrelated to the surgical procedure. We do not deem the error harmless because a jury is presumed to have followed a trial court's instructions (*see Huff v Rodriguez*, 88 AD3d 1274, 1276 [2011], *appeal dismissed* 18 NY3d 869 [2012]). On this record, however, we find no error in the court's similar instruction that the jury was to disregard testimony regarding diabetes. We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.