*533 The court did not improvidently exercise its discretion in allowing plaintiffs expert to testify on the proper use of a bus’ kneeling mechanism based upon, inter alia, his 35 years of experience in the transportation industry and familiarity with kneeling mechanisms (see Melo v Morm Mgt. Co., 93 AD3d 499 [1st Dept 2012]). Defendant’s objections to the expert’s qualifications go to the weight and not the admissibility of his testimony (see Williams v Halpern, 25 AD3d 467 [1st Dept 2006]). The expert’s reference to defendant’s internal rules did not improperly suggest a higher standard of care than that required under common law (see Lopez v New York City Tr. Auth., 60 AD3d 529, 530 [1st Dept 2009], lv denied 13 NY3d 717 [2010]).
The court did not err in limiting the introduction of plaintiffs medical records concerning preexisting conditions not alleged to have been exacerbated or aggravated in the accident where defendant failed to establish relevance (see e.g. Arroyo v City of New York, 171 AD2d 541, 543 [1st Dept 1991]; compare McGlone v Port Auth. of NY. & N.J., 90 AD3d 479 [1st Dept 2011]). Contrary to defendant’s claim, plaintiff did not place his entire pre-accident medical condition at issue by testifying as to his general health.
Defendant’s argument that statements made by plaintiffs counsel during summation warrant a new trial is unpreserved (see Lucian v Schwartz, 55 AD3d 687, 689 [2d Dept 2008], lv denied 12 NY3d 703 [2009]). In any event, the statements complained of constituted either fair comment on the evidence or a response to defendant’s arguments with respect to witness *534 credibility, and are not the type that could have deprived defendant of a fair trial (see Bennett v Wolf, 40 AD3d 274, 275 [1st Dept 2007], lv denied 9 NY3d 818 [2008]).
Plaintiff, who was 62 years old at the time of the accident and had a preexisting biceps tear, suffered a rotator cuff tear, for which he underwent an unsuccessful surgical repair, resulting in a permanent reduction in strength and range of motion. Under the circumstances, we find that the awards for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated (CPLR 5501 [c]; compare Bernstein v Red Apple Supermarkets, 227 AD2d 264 [1st Dept 1996], lv dismissed 89 NY2d 961 [1997]; Guillory v Nautilus Real Estate, 208 AD2d 336 [1st Dept 1995], appeal dismissed and lv denied 86 NY2d 881 [1995]).
We have considered defendant’s remaining arguments and find them unavailing. Concur — Andrias, J.P, Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.