■ TATJANA MITROVIC et al., Respondents, v ROBERT SILVERMAN et al., Appellants. [961 NYS2d 75]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 21, 2012, which denied defendant Dr. Robert Silverman's motion and defendant New York Chirocare, P.C.'s cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs raised triable issues of fact as to whether defendants deviated from accepted practice and whether that deviation proximately caused plaintiff Tatjana Mitrovic's (plaintiff) injuries (*Frye v Montefiore Med. Ctr.*, 70 AD3d 15, 24 [1st Dept 2009]). Like defendants' expert's affidavit in support of their motion, plaintiffs' expert's opinion was based upon his education, training, experience as a practicing chiropractor and professional affiliation with chiropractors in the New York metropolitan area (*see Frye*, 70 AD3d at 24-25). These contradictory affidavits, each based upon the expert's relevant experience in the field of chiropractics, were sufficient to raise a disputed issue regarding whether defendants deviated from accepted practice by failing to order an MRI, based on the symptoms plaintiff presented, before commencing chiropractic treatment of plaintiff. While an expert affidavit cannot be speculative, there is no threshold requirement in an ordinary case, not

involving a novel scientific theory, that a medical opinion regarding deviation be based upon medical literature, studies, or professional group rules in order for it to be considered. It can be based upon personal knowledge acquired through professional experience (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 545 [2002]; *see also Limmer v Rosenfeld*, 92 AD3d 609, 609 [1st Dept 2012]). The peer review article upon which defendants rely did not form a basis for their expert's opinion because it was only submitted in defendant Dr. Silverman's reply paper's. Moreover, such literature only affects the weight given to an expert's opinion and does not dictate an outcome as a matter of law (*see Marsh v Smyth*, 12 AD3d 307, 311-313 [1st Dept 2004, Saxe, J., concurring]).

There is also evidence in the record supporting plaintiffs' expert's opinion on causation. While defendants deny that Dr. Silverman performed any forceful spinal manipulations or adjustments on plaintiff that could have contributed to the development of cauda equina syndrome (CES), not only do their own notations in plaintiff's medical records document that she was treated with spinal manipulative therapy to her lumbar spine, plaintiff testified at her deposition that she complained to Dr. Silverman that his treatments were painful. There is evidence in the record that plaintiff had a preexisting disc herniation and stenosis. When asked at his deposition whether spinal manipulation is contraindicated when stenosis is present, Dr. Silverman responded in the affirmative. He also agreed that according to chiropractic literature, it is possible that chiropractic manipulation can cause CES. Consequently, plaintiffs' expert's opinion, that the defendants' treatment contributed to the development of plaintiff's CES has a basis and is not an unsupported assumption. Concur—Andrias, J.P., Renwick, Freedman and Gische, JJ.