Villani v Kings Harbor Multicare Ctr. (2021 NY Slip Op 00244)





Villani v Kings Harbor Multicare Ctr.


2021 NY Slip Op 00244


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 303672/09 Appeal No. 12876-12876A Case No. 2019-5835, 2020-00700 

[*1]Vincent L. Villani, as Administrator of the Estate of Ralph A. Villani, Plaintiff-Respondent,
v
Kings Harbor Multicare Center et al., Defendants-Appellants, Jane Does Numbered 1-5 et al., Defendants. 


Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for Kings Harbor Multicare Center, appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (David Bloom of counsel), for Albert Einstein-Jack D. Weiler Hospital, appellant.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about July 15, 2019, which denied the motions of defendants Kings Harbor Multicare Center (Kings Harbor) and Albert Einstein-Jack D. Weiler Hospital (Einstein Medical Center) for summary judgment dismissing the complaint, unanimously modified, on the law, without costs, and the motions granted except to the extent plaintiff asserts claims pursuant to Public Health Law § 2801-d . The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered on or about December 17, 2019, unanimously dismissed, without costs, as taken from a nonappealable paper.
Defendants established their prima facie entitlement to judgment as a matter of law through the records of treatment provided to plaintiff's decedent and the affirmations of their experts, who opined, inter alia, that appropriate care was provided to manage decedent's multiple conditions, including vascular disease with arterial insufficiency, chronic renal disease secondary to diabetes, myocardial infarction, congestive heart failure with acute pulmonary edema, and a history of extremity neuropathy and infections secondary to diabetes. In particular, the expert of Einstein Medical Center explained how emergent dialysis was necessary in light of decedent's fluid overload and high potassium, but the possibility of a GI bleed was appropriately addressed by coordinate red blood cell transfusions and limiting the fluid removed during each session. The experts of Kings Harbor explained that the failure of decedent's pre-existing leg wound to heal, despite consistent wound care including VAC and hyperbaric therapy and multiple rounds of antibiotics, was not due to any failure on the part of Kings Harbor. Decedent's two falls while a resident at Kings Harbor were investigated and addressed, with no evidence that they were occasioned by negligence on the part of the facility. As for decedent's blood coagulation levels, the experts averred that the monitoring procedures in effect were within the standard of care, particularly as the facility discontinued blood thinners when decedent's INR rose, used Vitamin K therapy, and then restarted blood thinners when decedent's INR reached sub-therapeutic levels.
In opposition, plaintiff submitted an affirmation of a physician board certified in nuclear medicine, who did not profess that he possessed knowledge necessary to render an opinion on the issues presented involving the treatment of a geriatric patient with diabetes, renal, cardiac, and other conditions here (see Atkins v Beth Abraham Health Servs., 133 AD3d 491 [1st Dept 2015]; Limmer v Rosenfeld, 92 AD3d 609 [1st Dept 2012]). Nor was this failure remedied through the affidavit of a registered nurse (see Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]; Collymore v Montefiore Med. Ctr., 39 AD3d 237 [1st Dept 2007]; Mills v Moriarty, 302 AD2d 436 [2d Dept], lv denied 100 NY2d 502 [2003]).
Plaintiff's [*2]claims predicated on PHL 2801-d, including his falls while undergoing recovery at Kings Harbor, however, may proceed. These claims form a separate basis for liability from medical malpractice or ordinary negligence (Zeides v Hebrew Home for the Aged at Riverdale, 300 AD2d 178 [1st Dept 2013]). Defendant's failure to seek dismissal before the trial court, precludes seeking such relief on appeal. Finally, we find that Kings Harbor failed to make a prima facie case for summary judgment on plaintiff's negligence claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021