**166 Delancey, LLC v Ovadia**

2024 NY Slip Op 30465(U)

February 13, 2024

Supreme Court, New York County

Docket Number: Index No. 156475/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    HON. MARY V. ROSADO | PART      33M |
| *Justice* | |

-------------------------------------------------------------X

166 DELANCEY, LLC

            Plaintiff,

     - v -

MENACHEM OVADIA OPERATING AS BOOST MOBILE,

            Defendant.

-------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156475/2021 |
| MOTION DATE | 03/03/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, Plaintiff 166 Delancey, LLC's ("Plaintiff") motion for an Order granting summary judgment in favor of Plaintiff and against Defendant Menachem Ovadia ("Defendant") is denied. Plaintiff's motion for an Order dismissing Defendant's affirmative defenses is granted in part and denied in part. Defendant's cross-motion to dismiss Plaintiff's Complaint is denied.

## I.     Background and Procedural History

The case at bar, commenced by Plaintiff against Defendant on July 9, 2021 (NYSCEF Doc. 1), concerns Defendant's alleged failure to pay rent and additional rent due and owed under a lease dated August 8, 2019 (the "Lease") between Plaintiff as Landlord and Defendant as Tenant (the "Lease") for Defendant's occupancy of the ground floor commercial space at 102 Clinton Street a/k/a 166 Delancey Street, New York, New York (the "Premises") (NYSCEF Doc. 15 at p. 6). Plaintiff's Complaint (NYSCEF Doc. 1) asserts causes of action against Defendant for breach of contract ("First Cause of Action"), a declaratory judgment asserting that Defendant is liable to

Plaintiff for monetary obligations under the Lease ("Second Cause of Action"), and attorneys' fees under the Lease ("Third Cause of Action") (NYSCEF Doc. 1).

On August 29, 2021, Defendant filed an Answer to Plaintiff's Complaint interposing 24 affirmative defenses (NYSCEF Doc. 4). On March 23, 2023, Plaintiff brought the instant motion for an Order dismissing Defendant's affirmative defenses and granting summary judgment in favor of Plaintiff and against Defendant (NYSCEF Doc. 14). On July 24, 2023, Defendant filed a cross-motion to dismiss Plaintiff's Complaint (NYSCEF Doc. 24).

## II.    Discussion

### a.    Plaintiff's Motion to Dismiss Defendant's Affirmative Defenses is Granted in Part and Denied in Part

Pursuant to CPLR 3211(b) "[a] party may move for judgment dismissing one or more defenses on the ground that a defense is not stated or has no merit." It is well established that "[o]n a motion to dismiss affirmative defenses pursuant to CPLR 3211(b), the plaintiff bears the burden of demonstrating that the defenses are without merit as a matter of law" (*543 E, 11th St, Hous. Dev. Fund Corp. v Hendrick*, 90 AD3d 541 [1st Dept 2011]). Further, the Appellate Division has held that "[i]n deciding a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed" (*Id.*), While "the court should not dismiss a defense where there remain questions of fact requiring a trial" (*Granite State Ins. Co. v Transatlantic Reins. Co.* 132 AD3d 479, 481 [1st Dept 2015]), bare legal conclusions that "present no factual or legal bases" are insufficient to raise an affirmative defense and should be dismissed (*Chrysler E. Bldg., L.L.C. v Keenwawa, Inc.*, 217 AD3d 494 [1st Dept 2023]).

Defendant's Third through Sixth, Eighth, Tenth, Eleventh, Fifteenth through Seventeenth and Nineteenth through Twenty-Third Affirmative Defenses, each a mere sentence long, are

156475/2021   166 DELANCEY, LLC vs. MENACHEM OVADIA OPERATING AS BOOST MOBILE          Page 2 of 9
Motion No.  001

2 of 9

conclusory, boilerplate, and fail to provide the Court with any factual or legal basis. As such, Defendant's Third through Sixth, Eighth, Tenth, Eleventh, Fifteenth through Seventeenth and Nineteenth through Twenty-Third Affirmative Defenses are dismissed as conclusory.

Defendant's Second Affirmative Defense asserts that this action must be dismissed because New York City Administrative Code § 22-1005 renders "unenforceable provisions in leases providing for personal guaranties by individuals where the tenant's business was negatively impacted by COVID-19" (NYSCEF Doc. 4 at ¶ 30). As Plaintiff's Complaint in this action does not seek to enforce any guaranty, Defendants Second Affirmative Defense is dismissed as meritless.

Defendant's Seventh Affirmative Defense asserts that "Plaintiff has received payment in full by one or more collateral sources" and therefore Plaintiff "would be unjustly enriched if allowed to foreclose upon said property" (NYSCEF Doc. 4 at ¶ 35). As Plaintiff's claims herein make no reference to any alleged "foreclosure," Defendant's Seventh Affirmative Defense is dismissed as meritless.

Defendant's Ninth Affirmative Defense asserts that "some of the documents annexed to the complaint are not those signed by the defendant(s)" (NYSCEF Doc. 4 at ¶ 37). As no documents are annexed to Plaintiff's Complaint (NYSCEF Doc. 1), Defendants Ninth Affirmative Defense is dismissed as meritless.

Defendant's Twelfth Affirmative Defense asserts that "Defendants never entered into any contract or agreement with plaintiff" and "[t]here exists no privity of contract with the plaintiff" (NYSCEF Doc. 4 at ¶ 40). In his Affidavit in Opposition to Plaintiff's Motion and in Support of Defendant's Cross-Motion, Defendant testifies, *inter alia*, that he is not responsible for any lease or guaranty (NYSCEF Doc. 26 at ¶ 1), that he did not sign any lease or guaranty (NYSCEF Doc.

156475/2021  166 DELANCEY, LLC vs. MENACHEM OVADIA OPERATING AS BOOST MOBILE        Page 3 of 9
Motion No. 001

3 of 9

[* 3]

26 at ¶ 2), and that his "brother signed [his] signature which [he] knew nothing about until receiving this lawsuit and subsequently the landlord tenant action" (NYSCEF Doc. 26 at ¶ 5). However, it is well established that "[s]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (*Banco Popular N. Am. V Victory Taxi Mgmt.*, 1 NY3d 381, 384 [2004]). Further, a defendant's assertion of forgery is not sufficient to defeat summary judgment when the defendant "has not demonstrated that [their] prelitigation conduct was consistent with a denial of genuineness" (*Id.*).

It is well settled that a signed document is accompanied by a notary public's acknowledgment establishes a presumption of the notarized signature's due execution and genuineness (*Genger v Arie Genger 1995 Life Ins. Trust*, 84 AD3d 471 [1st Dept 2011]). Conversely, where a signature is not notarized, there is no presumption of due execution (*TD Bank N.A. v Piccolo Mondo 21st Century, Inc.*, 93 AD3d 499, 500 [2d Dept 2012]). The Lease document filed by Plaintiff herein is not notarized and therefore is not entitled to a presumption of due execution (NYSCEF Doc. 18 p. 7). As such, affording Defendant the benefit of every reasonable intendment of the pleading, the Court finds that Defendant has alleged adequate facts to support his Twelfth Affirmative Defense, and Plaintiff has failed to show that Defendant's Twelfth Affirmative Defense is without merit as a matter of law. Accordingly, Plaintiff's motion to dismiss Defendant's Twelfth Affirmative Defense is denied.

Similarly, given Defendant's affidavit testimony referenced above (NYSCEF Doc. 26), Defendant has demonstrated the presence of questions of fact regarding whether Defendant signed the Lease in question. As such, Plaintiff's motion to dismiss Defendant's Thirteenth, and Fourteenth Affirmative Defenses is denied.

156475/2021  166 DELANCEY, LLC vs. MENACHEM OVADIA OPERATING AS BOOST MOBILE     Page 4 of 9
Motion No. 001

4 of 9

Defendant's First Affirmative Defense asserts that "Plaintiff fails to state a cause of action upon which relief may be granted" (NYSCEF Doc. 4 at ¶ 29). It is well settled that an affirmative defense asserting the failure to state a cause of action "may be dismissed only if all the other affirmative defenses are found to be legally insufficient" (*Raine v Allied Artists Productions, Inc.*, 63 AD2d 914, 915 [1st Dept 1978]). As the Court has declined to dismiss all of Defendant's affirmative defenses as legally insufficient, Plaintiff's motion to dismiss Defendant's First Affirmative Defense is denied.

b. Plaintiff's Motion for Summary Judgment is Denied

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*see e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

As discussed above, Defendant's signature on the Lease is not notarized and thus is not entitled to a presumption of due execution (*TD Bank N.A. v Piccolo Mondo 21st Century, Inc.*, 93 AD3d 499, 500 [2d Dept 2012]). Further, Defendant's testimony that he is not responsible for any lease or guaranty (NYSCEF Doc. 26 at ¶ 1), that he did not sign any lease or guaranty (NYSCEF

156475/2021   166 DELANCEY, LLC vs. MENACHEM OVADIA OPERATING AS BOOST MOBILE          Page 5 of 9
Motion No. 001

5 of 9

Doc. 26 at ¶ 2), and that his "brother signed [his] signature which [he] knew nothing about until receiving this lawsuit and subsequently the landlord tenant action" (NYSCEF Doc. 26 at ¶ 5) demonstrate questions of material fact regarding the legitimacy of Defendant's signature on the Lease which preclude summary judgment.

c. Defendant's Cross-Motion to Dismiss Plaintiff's Complaint is Denied

Preliminarily, Defendant's papers in support of his cross-motion to dismiss Plaintiff's Complaint make no argument in support of dismissal and fail to state any ground upon which such dismissal is requested (NYSCEF Docs. 25-26). However, as Defendant's First Affirmative Defense alleges failure to state a claim (NYSCEF Doc. 4 at ¶ 29), Defendant's motion to dismiss will be considered made pursuant to CPLR 3211(a)(7).

Pursuant to CPLR 3211(a)(7), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that ...the pleading fails to state a cause of action...." In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, "the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference" (*J.P. Morgan Sec. Inc. v Vigilant Ins. Co.* 21 NY3d 324, 334 [2013]). "[T]he sole criterion is whether the pleading states a cause of action, and therefore if from its four corners factual allegations are discerned which if taken together can manifest any cause of action, a motion for dismissal must fail" (*Kusher v King* 126 AD2d 446, 467 [1st Dept 1987]).

    i.    Defendant's Cross-Motion to Dismiss Plaintiff's First Cause of Action for Breach of Contract is Denied

It is well established that "[t]o state a claim for breach of contract, a plaintiff must allege: (1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages" (*VisionChina Media Inc. v Shareholder Representative Servs., LLC,*

156475/2021   166 DELANCEY, LLC vs. MENACHEM OVADIA OPERATING AS BOOST MOBILE
Motion No. 001

Page 6 of 9

6 of 9

[* 6]

109 AD3d 49, 58 [1st Dept 2013]). Plaintiff satisfied the first element by claiming that Defendant and Plaintiff entered into a lease agreement dated August 8, 2019 (NYSCEF Doc. 1 at ¶ 9). Plaintiff satisfied the second element by alleging that "Plaintiff has performed its obligations under the lease" (NYSCEF Doc. 1 at ¶ 19). Plaintiff satisfied the third element by claiming that "[t]he Payment Breaches constitute breaches of the Lease by Defendant" (NYSCEF Doc. 1 at ¶ 20). Finally, Plaintiff satisfied the fourth element by claiming damages in the amount of $52,347.48 (NYSCEF Doc. 1 at ¶ 21). As such, Defendant's cross-motion to dismiss Plaintiff's First Cause of Action for breach of contract is denied.

ii.       Defendant's Cross-Motion to Dismiss Plaintiff's Second Cause of Action for Declaratory Judgment is Denied

The First Department has held that on a motion to dismiss a declaratory judgment action for failure to state a cause of action, "the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaratory judgment favorable to him" (*Law Research Service, Inc. v Honeywell, Inc.*, 31 AD 2d 900, 901 [1st Dept 1969]). As this Court has proper jurisdiction over the subject matter of this action pursuant to CPLR Article 3, Defendant's cross-motion to dismiss Plaintiff's Second Cause of Action for a declaratory judgment is denied.

iii.       Defendant's Cross-Motion to Dismiss Plaintiff's Third Cause of Action for Attorney's Fees is Denied

While it is well established that "attorneys' fees are not recoverable unless authorized by statute, court rule, or written agreement of the parties" (*Reif v Nagy*, 175 AD3d 107, 130 [1st Dept 2019]), here, Plaintiff's Complaint claims that Plaintiff is entitled to attorneys' fees pursuant to Article 54 of the Lease (NYSCEF Doc. 1 at ¶ 27). As such, the Court finds that Plaintiff has

[* 7]

sufficiently stated a claim for attorneys' fees. Therefore, Defendant's cross-motion to dismiss Plaintiff's Third Cause of Action for attorneys' fees is denied.

Accordingly, it is hereby,

ORDERED that Plaintiff 166 Delancey, LLC's motion for summary judgment in favor of Plaintiff and against Defendant Menachem Ovadia is denied; and it is further

ORDERED that Plaintiff 166 Delancey, LLC's motion for an Order dismissing Defendant Menachem Ovadia's affirmative defenses is granted with respect to Defendant's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Fifteenth, Sixteenth, Seventeenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second and Twenty-Third Affirmative Defense, and denied with respect to Defendant's First, Twelfth, Thirteenth, Fourteenth, and Eighteenth Affirmative Defenses; and it is further

ORDERED that Defendant Menachem Ovadia's cross-motion for an Order dismissing Plaintiff 166 Delancey, LLC's Complaint is denied; and it is further

ORDERED that on or before March 19, 2024, the parties are directed to submit a proposed Status Conference Order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference with the Court in Room 442, 60 Centre Street, on March 20, 2024 at 9:30 a.m.; and it is further

ORDERED that within 10 days of entry, counsel for Defendant Menachem Ovadia shall serve a copy of this Decision and Order, with notice of entry, on Plaintiff at its last known business address; and it is further

156475/2021   166 DELANCEY, LLC vs. MENACHEM OVADIA OPERATING AS BOOST MOBILE          Page 8 of 9
Motion No. 001

8 of 9

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 2/13/2024 | | | | |
|---|---|---|---|---|
| DATE | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

156475/2021   166 DELANCEY, LLC vs. MENACHEM OVADIA OPERATING AS BOOST MOBILE
Motion No. 001

Page 9 of 9

9 of 9