Orr v Vornado Realty, L.P. (2024 NY Slip Op 05772)

Orr v Vornado Realty, L.P.

2024 NY Slip Op 05772

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 153563/15, 595947/19, 595968/19 Appeal No. 3060 Case No. 2023-02886 

[*1]Thomas J. Orr etc., Plaintiff-Appellant,
v
Vornado Realty, L.P., et al., Defendants-Respondents. [And Other Actions]

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood, II of counsel), for appellant.
Law Offices of David Paul Horowitz, PLLC, Bronx (David Paul Horowitz of counsel), for Otis Elevator Company, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered December 14, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Otis Elevator Company's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
The court correctly found that the Otis online history report (OHR), documenting repair calls for the elevator at issue, was inadmissible hearsay, and that Otis could not cure this defect by submitting an affidavit on reply averring it to be a business record (see Hammer v ACC Constr. Corp., 193 AD3d 455, 457 [1st Dept 2021]; Migdol v City of New York, 291 AD2d 201 [1st Dept 2002]). As such, the court should not have permitted Otis's expert to nevertheless rely upon those documents in forming his opinion. Given that the OHR was submitted in connection with a motion for summary judgment, there was no opportunity to cross-examine the authenticating affiant (cf. People v Sugden, 35 NY2d 453, 460 [1974]). Nor was there any evidence that the OHR was of the kind accepted in the profession as reliable in forming a professional opinion (see id. at 460-461; Belmer v HHM Assocs., Inc., 101 AD3d 526, 529 [1st Dept 2012]; Ainetchi v 500 W. End LLC, 51 AD3d 513, 515 [1st Dept 2008]). In addition, the court should not have determined, as a matter of law, that plaintiff's expert was unqualified and that his opinion could not be considered (see Limmer v Rosenfeld, 92 AD3d 609, 609 [1st Dept 2012]; see also Melo v Morm Mgt. Co., 93 AD3d 499, 499-500 [1st Dept 2012]). Thus, summary judgment on the grounds that the records showed that the elevator was kept in proper repair or that Otis was not on notice of the type of defect alleged by plaintiff, was not appropriate.
While Otis's defense of "impossibility" did not entirely rely upon the OHR, drawing also from testimony of Otis's mechanics and the professional knowledge of its expert, summary judgment still is not warranted. Unlike those cases where this Court has found a plaintiff's description of an elevator accident to be impossible in light of the condition of the elevator post-accident (e.g. Cinquemani v Otis El. Co., 179 AD3d 588, 588 [1st Dept 2020]; Espinal v Trezechahn 1065 Ave. of Ams., LLC, 94 AD3d 611, 613 [1st Dept 2012]; Santoni v Bertelsmann Prop., Inc., 21 AD3d 712, 714 [1st Dept 2005]), here, a defect was located in the subject elevator. Whether the loose piece of solder in the elevator mechanism that had caused intermittent failures was connected to plaintiff's accidents is a question of fact for the jury. Otis's argument that plaintiff's medical treatment was insufficiently immediate after the first accident, and that he therefore cannot prove that Otis's alleged negligence proximately caused his injuries, is also unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024