Dolcimascolo v 701 7th Prop. Owner, LLC (2024 NY Slip Op 05887)

Dolcimascolo v 701 7th Prop. Owner, LLC

2024 NY Slip Op 05887

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 156779/18 Appeal No. 3125 Case No. 2024-01835 

[*1]Michael Dolcimascolo, Plaintiff-Respondent,
v
701 7th Property Owner, LLC, et al., Defendants-Appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellants.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 13, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, and granted plaintiff's motion for partial summary judgment on their claims pursuant to Labor Law §§ 240 (1) and 241(6), unanimously affirmed, without costs.
Plaintiff established his prima facie entitlement to judgment as a matter of law on his Labor Law § 240(1) claim. Plaintiff testified that he was injured when struck by a steel beam that was inadvertently caught on a crane hook during hoisting, causing it to slide off the truck where it had been placed. Defendants' claim that plaintiff was the sole proximate cause of his accident has no merit. There is no evidence that plaintiff was ever directed not to be in the area where he was injured, and even if there was, defendants failed to show that they were free of any statutory violations. Thus, plaintiff's allegedly being in an unauthorized area would have amounted only to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022]; Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]). The motion court correctly refused to consider the C-2 and accident reports in that defendants failed to lay a foundation that they were admissible as business records (see Zuluaga v P.P.C. Const., LLC, 45 AD3 479 [1st Dept 2007]). Even if admissible, the accident descriptions therein would not defeat plaintiff's prima facie showing (see DeGidio v City of New York, 176 AD3d 452, 453 [1st Dept 2019], lv dismissed in part, denied in part 35 NY3d 963 [2020]). While the C-3 was signed by plaintiff, its description of the accident was not inconsistent in any relevant aspect and thus not admissible under CPLR 4514. Nor did the court err in considering plaintiff's expert witness, who averred to over 30 years' experience in coordinating and supervising rigging operations (see Limmer v Rosenfeld, 92 AD3d 609 [1st Dept 2012]; see also Melo v Morm Mgt. Co., 93 AD3d 499, 499-500 [1st Dept 2012]). Any objections to his qualifications would go to the weight a jury grants to his testimony, not to its admissibility (see Santana v De Jesus, 110 AD3d 561, 562 [1st Dept 2013], lv denied 22 NY3d 864 [2014]; Rubio v New York City Tr. Auth., 99 AD3d 532, 533 [1st Dept 2012]).
Plaintiff's Labor Law §§ 241 (6) and 200 claims are academic in light of the grant of partial summary judgment on his Labor Law § 240 (1) claim (see Colon v New York City Dept. of Educ., 228 AD3d 422, 423 [1st Dept 2024]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024