Markman v New York-Presbyt. Healthcare Sys., Inc. (2026 NY Slip Op 00976)

Markman v New York-Presbyt. Healthcare Sys., Inc.

2026 NY Slip Op 00976

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Index No. 20302/16|Appeal No. 5895|Case No. 2024-01643|

[*1]Anthony Markman, et al., Plaintiffs-Appellants,
vNew York-Presbyterian Healthcare System, Inc. Doing Business as New York Presbyterian Hospital-Columbia University Medical Center, et al., Defendants-Respondents.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellants.
Federico Schwartz Merolesi & Lyddane LLP, New York (Amanda L. Tate of counsel), for New York Presbyterian Healthcare System, Inc, doing business as New York Presbyterian Hospital-Columbia University Medical Center, Hiro Takayama M.D. and Elizabeth Wist P.A., respondents.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas Hurzeler of counsel), for Kung-Ming Jan, M.D., respondent.
Kaufman Borgeest & Ryan, Valhalla (Mark Goreczny of counsel), for Metropolitan Jewish Homecare, Inc., respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about January 18, 2024, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the motions of defendants New York-Presbyterian Healthcare System, Inc, Hiro Takayama, M.D., Elizabeth Wist, P.A., and Metropolitan Jewish Homecare, Inc. for summary judgment, and otherwise affirmed, without costs.
Supreme Court properly dismissed the complaint as against defendant Kung-Ming Jan, M.D. Doctor Jan established prima facie entitlement to summary judgment dismissing the complaint as against him by showing that he was a cardiologist, not a wound care specialist, and therefore owed no independent duty to assess the course of treatment for a sacral pressure ulcer that was implemented and monitored by other providers (see Burtman v Brown, 97 AD3d 156, 161 [1st Dept 2012]).
In opposition to Dr. Jan's showing, plaintiffs failed to raise a triable issue of fact sufficient to defeat Dr. Jan's motion. Although plaintiff testified that he recalled speaking with Dr. Jan about his sacral wound and asking for a referral to a wound care specialist, he also testified that Dr. Jan never made that referral. In the interim, however, plaintiff was able to secure an appointment for treatment of that wound with another health care facility. In addition, although Dr. Jan made a recommendation for treatment of the sacral wound, it was never implemented and plaintiff was under the care of others for wound care during the remainder of Dr. Jan's treatment of him. As a result, Dr. Jan had no duty to treat plaintiff's sacral wound (see id. at 164).
As to the remaining defendants, they established prima facie entitlement to summary judgment through their submission of expert affidavits from board-certified physicians with expertise in geriatric medicine. Both experts addressed the applicable standards of care, concluding that defendants' treatment of plaintiff fell within good and accepted standards of care and that no departure from the applicable standard of care proximately caused plaintiff's injuries.
However, the affidavits in opposition from plaintiffs' experts — a nursing expert and an internal medicine hospitalist expert — were sufficient to raise issues of fact precluding summary judgment with respect to these defendants. Plaintiffs' experts outlined their familiarity with identification and care of pressure ulcers and the treatment of patients who suffered from them. Further, each expert offered individualized evidence as to defendants' alleged departures from the accepted standard of nursing or medical care with respect to defendants' treatment of plaintiff's sacral wound, and the internal medicine expert opined that each of the defendants' deviations from the accepted standard of care caused or contributed to the injuries that plaintiff allegedly suffered. The expert affidavits therefore provide a sufficient foundation for the experts to opine on whether defendants deviated from the standard of care (see Limmer v Rosenfeld, 92 AD3d 609, 609 [1st Dept 2012]).
Defendants' assertions that plaintiffs' experts did not have the requisite credentials, skills, or training to opine as to the standard of care with respect to a cardiothoracic surgeon or a cardiothoracic surgeon's physician assistant are meritless. Challenges to an expert witness's qualifications affect the weight to be accorded the expert's views, not their admissibility (Rodriguez v Isabella Geriatric Ctr. Inc., 227 AD3d 485, 486 [1st Dept 2024]). An expert need not be a specialist in a particular field if they nevertheless possess the requisite knowledge necessary to opine on the issues presented, and once the expert professes such knowledge, the issue of the expert's qualifications is for the factfinder to determine (see Limmer, 92 AD3d at 609).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026