Vails v Wojtaszczyk
2026 NY Slip Op 03751
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Robbin Vails, etc., Plaintiff- Respondent,
v
Ann Wojtaszczyk, et al., Defendants, Providence Rest Nursing Home Company, Inc. Doing Business as Providence Rest, Defendant-Appellant.

Decided and Entered: June 11, 2026
Index No. 23815/18|Appeal No. 6881|Case No. 2024-06318|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Harrington, Ocko & Monk, LLP, White Plains (Allison Sanders of counsel), for appellant.
Meagher & Meagher, P.C., White Plains (Peter K. Overzat of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered September 30, 2024, which, to the extent appealed from, denied the motion of Providence Rest Nursing Home Company, Inc. d/b/a Providence Rest for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Providence demonstrated prima facie its entitlement to summary judgment by submitting the affidavit of an expert in family practice who opined that plaintiff's decedent was properly treated for hyperkalemia, an elevation of potassium levels, by the administering of Kionex. The expert further stated that the withholding of lisinopril, which the discharge orders by defendant Jacobi Medical Center (JMC), where decedent had been admitted before her transfer to Providence, stated should be done if the patient became hyperkalemic, was not necessary, and that withholding it "based on one set of lab values, could possibly cause more harm than help." Plaintiff rebutted that showing by submitting the affirmation of her own expert, a practitioner of internal medicine and pulmonary disease. Plaintiff's expert directly addressed Providence's expert's opinion by stating that Providence should have ceased the administration of lisinopril because that drug has the effect of raising potassium levels (cf. Camacho v Pintauro, 210 AD3d 578, 579 [1st Dept 2022]).
Providence's argument that plaintiff's expert's opinion was unsupported by the record is unpersuasive. Blood testing at Providence revealed that decedent was hyperkalemic two days in a row. Further, as noted, the discharge orders from JMC to Providence stated that lisinopril should be withheld if decedent's potassium levels were to rise while at Providence. Providence claims that plaintiff's expert's opinion is flawed because it states that Dr. John, a physician at Providence who saw decedent the morning of the day she died, but who was not on duty or call during the time that decedent's potassium was elevated, was negligent in not withholding the lisinopril. However, even if the expert was mistaken in faulting Dr. John, it is irrelevant, because plaintiff's theory of liability against Providence does not depend on the specific person who made the decision to continue the lisinopril. In this regard, the record reflects that Providence's physician's assistant was supervising decedent's care at the relevant time.
[*2]
Providence's argument that plaintiff's expert was unqualified is also unpersuasive as the expert averred that they had knowledge and experience in treating patients with hyperkalemia (see Almeyda v Concourse Rehabilitation & Nursing Ctr., Inc., 195 AD3d 437, 438 [1st Dept 2021]). "A physician need not be a specialist in a particular field if he nevertheless possesses the requisite knowledge necessary to make a determination on the issues presented" (Limmer v Rosenfeld, 92 AD3d 609, 609 [1st Dept 2012] [internal quotation marks and brackets omitted]). Plaintiff's expert specifically stated in his opinion that he had "experience treating patients who present with hyperkalemia and elevated laboratory levels . . . [and] treating patients with angiotensin-converting enzymes, including lisinopril." Thus, the issue of whether the expert was qualified "must be left for trial" (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026